# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1847

_____

Donna Weber ,                                    *
                                                 *
                    Appellant,                   *
                                                 *   Appeal from the United States
        v.                                       *   District Court for the
                                                 *   Eastern District of Arkansas.
Jo Anne B. Barnhart, Commissioner                *
Social Security Administration,                  *
                                                 *
                    Appellee.                    *

_____

Submitted: September 12, 2003

Filed:  November 6, 2003

_____

Before WOLLMAN, HEANEY, and RILEY, Circuit Judges.

_____

HEANEY, Circuit Judge.

Donna Weber appeals the district court's[1] grant of summary judgment to the Commissioner of Social Security Administration on Weber's application for supplemental security income. She argues that the final decision of the Commissioner holding that she retained the residual functional capacity (RFC) necessary to perform light work, and that she could return to her past relevant work

_____

[1]The Honorable J. Thomas Ray, United States Magistrate Judge for the Eastern District of Arkansas.

as a bathroom attendant, is not supported by substantial evidence on the record as a whole.  For the reasons set forth below, we affirm the decision of the district court.

The facts underlying this appeal are set forth in great detail below.  We recite only those facts essential to our holding.  Donna Weber was 53 years old at the time of the ALJ's decision.  She had a high school education and past relevant work as a bathroom attendant at a casino.  She is a severely underweight woman who had a serious drinking problem and developed cirrhosis of the liver as a result.  On October 27, 1998, Weber saw treating physician Dr. Jamshed Agha.  Dr. Agha saw her again on November 3, 9, 16, and 30.  He noted that she suffered from abdominal discomfort, severe ascites, severe leg edema, as well as cirrhosis of the liver, most probably secondary to prior alcoholic use.  Dr. Agha did not express an opinion as to whether Ms. Weber was disabled within the meaning of the Social Security Act.  His notes contain no restrictions on Weber's ability to work.  The Commissioner's medical consultants, Dr. Alice Davidson and Dr. Linda Haynie Green, performed residual functional assessments and determined that Weber had no significant limitations.

In April, 1999, Dr. Robert D. Quevillon, an internist, performed a consultative examination at the request of the Social Security Administration.  His examination revealed that Weber was 5'5 1/2" tall and weighed only 105 pounds.  He noted that Weber appeared to have scant energy.  He stated: "Her muscle mass, which is almost cachexic, is abnormal.  Her arms and legs are like spindles."  (Tr. at 131.)  He diagnosed Weber as suffering from advanced alcoholic cirrhosis and splenomegaly, causing generalized disability, weakness, and poor muscle mass.  He also diagnosed chronic bronchitis from smoking, recurrent rectal bleeding, and alcoholism.  He noted that "[b]ecause of the advanced state of her liver disease and its sequelae, she will be unemployable for over a year and perhaps permanently."  (Tr. at 131.)

The ALJ considered the testimony of the treating physician, the examining physician, and the two consultative physicians. He concluded that even though he had referred Ms. Weber to Dr. Quevillon, that he was not required to accept his conclusion that Ms. Weber was disabled. He then reviewed the medical reports of the remaining doctors and determined: "[Ms. Weber] has not required aggressive medical treatment for any complication of liver disease since November 1998 and her condition appears well-controlled at present with the use of Lasix and Spironolactone. The only medical treatment she has received consists of office visits for medication refills. . . ." (Appellant's Add. at 3.) He noted that Ms. Weber at the time of the hearing had no problems with fluid retention if she followed prescribed treatment. He then concluded from the medical testimony that in his opinion, Ms. Weber was not disabled because of her medical condition.

The medical evidence is certainly conflicting and the ALJ could well have determined that she was disabled because of her medical condition. However, where there is this conflict in the medical testimony, and where the treating physician does not find the complainant to be disabled, we respect the decision of the ALJ where there is substantial evidence to support his conclusion.

The ALJ found that the Weber's physical condition did not preclude her from returning to her past relevant work as a bathroom attendant. On appeal, Ms. Weber argues that she does not possess the RFC to perform light work on a sustained, continuing basis because she needs to urinate every one-half hour and she suffers from fatigue and muscle cramps, making it difficult to stay on her feet for extended periods of time.

We have consistently held that the test of whether a person can perform light work is whether a complainant can perform this work on a sustained, continuing day-in, day-out basis. The residual functional capacity of a claimant "is the ability to perform the requisite physical acts day in and day out, in the sometimes competitive

and stressful conditions in which real people work in the real world." McCoy v. Schweiker, 683 F.2d 1138, 1147 (8th Cir. 1982). Here, there is substantial evidence on the record to support the finding that the limitations indicated above do not prevent Weber from doing her past relevant work day-in and day-out as a bathroom attendant. In that job, she certainly would be able to urinate as required, and the work does not require her to be on her feet for six hours out of an eight-hour day. As an attendant, the record indicates she can spend a portion of the day in a sitting position. It is also important to note that Weber testified that she left her first bathroom attendant job, not because of an inability to perform the work, but because of lack of transportation, and she left a second similar position because she needed dental care and had not bothered to apply for employment after the dental work was completed. See Barrett v. Shalala, 38 F.3d 1019 (8th Cir. 1994).

Weber argues on appeal that the ALJ did not fairly and fully develop the record. Of course, the ALJ is duty-bound to do so, even when the claimant is represented by counsel. Boyd v. Sullivan, 960 F.2d 733, 736 (8th Cir. 1992). She asserts the ALJ failed to receive some medical reports from Dr. Agha and Dr. James Bradley. However, she has made no showing that the medical reports referred to would add to the medical records already in evidence. Weber certainly could have obtained these records during the appellate process and demonstrated that they were such that a remand to the ALJ was necessary. She has not done so.

For the reasons stated herein, we affirm the judgment of the district court.

_____